# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

September 10, 2021

Lyle W. Cayce
Clerk

No. 20-20535

Anthony Barilla,

*Plaintiff—Appellant*,

*versus*

City of Houston, Texas,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:20-CV-145

Before Owen, *Chief Judge*, and Clement and Higginson, *Circuit Judges*.

Stephen A. Higginson, *Circuit Judge*:

Plaintiff-Appellant Anthony Barilla is a professional musician and accordionist who wants to "busk" (i.e., perform music while soliciting tips) on Houston's public streets. He sued the City of Houston to challenge three City ordinances which restrict busking in Houston. Barilla alleges that the ordinances violate his First Amendment right to free expression. The district court granted the City's motion to dismiss for lack of standing. We reverse and remand.

No. 20-20535

I.

Barilla challenges three City ordinances (collectively, the "Busking Ordinances") which prohibit busking anywhere outside of Houston's Theater District and require a permit to busk within the Theater District. The Busking Ordinances (1) outlaw the "playing of bands" on streets and in other public places in Houston, except for "sidewalk performers" performing in the Theater District with a permit (HOUSTON, TEX., CODE OF ORDINANCES ch. 28, art. I, § 6) ("§ 28-6"); (2) forbid "any person" from "conduct[ing] sidewalk performances" in the Theater District without a permit (HOUSTON, TEX., CODE OF ORDINANCES ch. 40, art. XI, § 262) ("§ 40-262"); and (3) require permit applicants to obtain written permission from the owners of the properties abutting their requested performance site (HOUSTON, TEX., CODE OF ORDINANCES ch. 40, art. XI, § 263(3)) ("§ 40-263(3)").

Houston's Code of Ordinances defines "performers" as "bands, musicians, singers, mimes, and other artists who perform for gratuities on the sidewalk without the use of any electronically amplified instruments and without electronic amplification of sound produced." HOUSTON, TEX., CODE OF ORDINANCES ch. 40, art. XI, § 261(b) ("§ 40-261(b)"). The "theater/entertainment district" ("Theater District") is "the area including to the mid-point of and bounded by Preston Street on the north, Dallas Street on the south, Milam Street on the east, and Interstate Highway 45 on the west." *Id.* According to Barilla's complaint, the City of Houston covers 665 square miles, of which the Theater District accounts for only an "extremely limited area."

Barilla's complaint alleges that the Busking Ordinances require performers to obtain a permit "regardless of whether they perform solo, or with others in a band or in a group, and regardless of how many people they

2

No. 20-20535

intend to, or eventually do, attract." The complaint further alleges that permit applicants must pay a fee of $10 for 30 days or $50 for a full year. Permit applicants must designate either one site for 24-hour use or two sites for alternating use—a daytime site and a nighttime site. HOUSTON, TEX., CODE OF ORDINANCES ch. 40, art. XI, § 263(2). According to the complaint, permittees may not perform outside of their designated site unless they obtain another permit. Violations of the Busking Ordinances are subject to a fine of up to $500 per violation. HOUSTON, TEX., CODE OF ORDINANCES ch. 1, § 1-6(a).

Barilla reports that he obtained a year-long permit to busk in the Theater District in August 2018. He states that he contacted three City departments in pursuit of his permit, representatives of which seemed confused by his request because they assumed busking was banned throughout Houston. According to his complaint, Barilla later formed the opinion that the Theater District is not a good place to busk because "it excludes cultural sites and other consistently trafficked areas that better lend themselves to busking."

Barilla chose not to renew his busking permit when it expired in August 2019 because, in his view, (1) areas outside of the Theater District are better for busking, (2) obtaining the permission of neighboring property owners necessitates uncomfortable discussions with strangers and adds difficulty to the application process, and (3) the monetary fee, in addition to the two aforementioned hurdles, makes renewing his permit not worthwhile.

Because he did not renew his permit, Barilla has stopped busking. Barilla avers that but for the Busking Ordinances, he would busk again in Houston. Barilla filed the instant lawsuit against the City on January 15, 2020, pursuant to 42 U.S.C. § 1983. His complaint alleges that the Busking Ordinances violate the First Amendment's Free Speech Clause. He requests

3

a judgment declaring the Busking Ordinances unconstitutional, facially and as applied to Barilla; a permanent injunction prohibiting the City from enforcing the Busking Ordinances; $1 in nominal damages; and attorneys' fees and costs. The City moved to dismiss on February 21, 2020, under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), asserting that Barilla lacked standing, that his complaint failed to state a claim, and that his action was barred by the statute of limitations. On June 16, 2020, the district court granted the City's motion to dismiss for lack of standing. *Barilla v. City of Houston*, No. 4:20-CV-0145, 2020 U.S. Dist. LEXIS 193053 (S.D. Tex. June 16, 2020). The district court concluded that Barilla's complaint failed to allege an injury sufficient to confer standing, emphasizing that Barilla had not been cited for violating the Busking Ordinances nor threatened with a citation, nor had he been arrested or shown that he was in immediate danger of arrest. *Id.* at *5–7. Barilla filed a motion for reconsideration or, alternatively, for leave to amend his complaint, which the district court denied on September 11, 2020. Barilla timely appealed. *See* Fed. R. App. P. 4(a)(1)(A), 4(a)(4)(A)(iv); Fed. R. Civ. P. 59(e). He appeals the district court's orders (1) granting the City's motion to dismiss and (2) denying his motion for reconsideration or leave to amend.

II.

We review the district court's dismissal for lack of standing de novo. *Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009). Barilla bears the burden of establishing his standing "'in the same way as any other matter on which the plaintiff bears the burden of proof, i.e., with the manner and degree of evidence required at the successive stages of the litigation.' Thus, on a motion to dismiss, [Barilla] must allege facts that give rise to a plausible claim of [his] standing." *Id.* at 133–34 (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)) (internal brackets and citations omitted). In assessing whether Barilla has met this standard, "we

No. 20-20535

take the well-pled factual allegations of the complaint as true and view them in the light most favorable to the plaintiff." *Stratta v. Roe*, 961 F.3d 340, 349 (5th Cir. 2020) (citation omitted).

## III.

To establish standing, a plaintiff must demonstrate (1) an "injury in fact" that is "concrete and particularized" and "actual or imminent"; (2) is fairly traceable to the defendant's actions; and (3) is likely to be redressed by a favorable decision. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992).

The district court dismissed Barilla's lawsuit for lacking an injury in fact.[1] *Barilla v. City of Houston*, No. 4:20-CV-0145, 2020 U.S. Dist. LEXIS 193053, at *5–7 (S.D. Tex. June 16, 2020). According to the district court, Barilla's asserted harms did not meet the bar for a justiciable injury because he had not been "cited under the [Busking] Ordinances" or "threatened with possible citations" and had not been arrested or shown that he was "in immediate danger of being arrested." *Id.* at *6. On appeal, Barilla argues that the district court adopted an erroneously restrictive pleading standard for his First Amendment claim. We agree.

In pre-enforcement cases alleging a violation of the First Amendment's Free Speech Clause, the Supreme Court has recognized that

---

[1] The district court dismissed Barilla's lawsuit based solely on the injury-in-fact requirement, and the City does not dispute that the traceability and redressability requirements would be satisfied here. Although we must assure ourselves that all standing requirements are met regardless of a party's potential waiver, traceability and redressability would be fulfilled at this stage because, as alleged, the City's Busking Ordinances caused Barilla to self-censor and a ruling in Barilla's favor would prohibit the City from engaging in enforcement. *See Justice v. Hosemann*, 771 F.3d 285, 291 (2014); *Speech First, Inc. v. Fenves*, 979 F.3d 319, 338 (5th Cir. 2020). We thus confine the following analysis to whether Barilla's complaint presents a justiciable injury.

chilled speech or self-censorship is an injury sufficient to confer standing. *See*, *e.g.*, *Dombrowski v. Pfister*, 380 U.S. 479, 486–87 (1965); *Virginia v. Am. Booksellers Ass'n*, 484 U.S. 383, 392 (1988); *accord Ctr. for Individual Freedom v. Carmouche*, 449 F.3d 655, 660 (5th Cir. 2006); *Hous. Chron. Publ'g Co. v. City of League City*, 488 F.3d 613, 618 (5th Cir. 2007).

A plaintiff bringing such a challenge need not have experienced "an actual arrest, prosecution, or other enforcement action" to establish standing. *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014) (citing *Steffel v. Thompson*, 415 U.S. 452, 459 (1974)). Instead, such a plaintiff may demonstrate an injury in fact by showing that he "(1) has an 'intention to engage in a course of conduct arguably affected with a constitutional interest,' (2) his intended future conduct is 'arguably . . . proscribed by [the policy in question],' and (3) 'the threat of future enforcement of the [challenged policies] is substantial.'" *Speech First, Inc. v. Fenves*, 979 F.3d 319, 330 (5th Cir. 2020) (alterations in original) (quoting *Susan B. Anthony List*, 573 U.S. at 161–64 (citing *Babbitt v. United Farm Workers Nat'l Union*, 442 U.S. 289, 298 (1979))).

Regarding this third requirement, "when dealing with pre-enforcement challenges to recently enacted (or, at least, non-moribund) statutes that facially restrict expressive activity by the class to which the plaintiff belongs, courts will assume a credible threat of prosecution in the absence of compelling contrary evidence."[2] *Speech First*, 979 F.3d at 335 (quoting *N.H. Right to Life PAC v. Gardner*, 99 F.3d 8, 15 (1st Cir. 1996)); *see*

---

[2] The City implies in its brief that this standard is cabined to political speech cases. While it is true that *Speech First* involved political speech—which is generally entitled to heightened constitutional protection, *see Buckley v. Am. Const. L. Found., Inc.*, 525 U.S. 182, 207–08 (1999) (Thomas, J., concurring) (collecting cases)—neither Supreme Court nor Fifth Circuit precedent limits this rule to political speech claims. *See Babbitt*, 442 U.S. at 301–02; *Speech First*, 979 F.3d at 335.

*also Babbitt*, 442 U.S. at 302 (concluding that where "the State has not disavowed any intention of invoking" the challenged law, plaintiffs are "not without some reason in fearing prosecution").

Thus, to demonstrate a justiciable injury at the pleading stage, (1) Barilla's complaint must have alleged facts showing his intent to engage in conduct arguably affected with a constitutional interest; (2) his desired conduct must be arguably proscribed by the Busking Ordinances; and (3) provided that the Busking Ordinances are not moribund, the record must lack compelling evidence contravening the presumption that Barilla faces a substantial threat of their future enforcement.[3] *Speech First*, 979 F.3d at 330, 335. We assess Barilla's fulfillment of each of these conditions in turn.

### A. Intent to engage in conduct arguably affected with a constitutional interest

We must first determine whether Barilla has sufficiently pleaded his "intention to engage in a course of conduct arguably affected with a constitutional interest." *Susan B. Anthony List*, 573 U.S. at 161–64 (citing *Babbitt*, 442 U.S. at 298). This court has previously held that a plaintiff must demonstrate a "serious intent" to engage in proscribed conduct by taking some steps toward their desired activity. *See Zimmerman v. City of Austin*, 881 F.3d 378, 389 (5th Cir. 2018).

---

[3] Barilla's complaint presents both a facial and an as-applied challenge to the Busking Ordinances. Because we conclude that Barilla satisfies the requirements outlined above, the facial-versus-as-applied distinction does not affect our standing inquiry. *See Justice*, 771 F.3d at 292 ("The standing inquiry is distinct from one of the foundational issues in this case: is there . . . a sufficient basis in the record from which to evaluate Plaintiffs' as-applied challenge?"); *see also Citizens United v. Fed. Election Comm'n*, 558 U.S. 310, 331 (2010) (stating that the distinction between facial and as-applied challenges "goes to the breadth of the remedy employed by the Court, not what must be pleaded in a complaint").

No. 20-20535

Barilla's complaint asserts that he wants to busk on Houston's public streets. The complaint further alleges that Barilla previously applied for and received a busking permit and subsequently busked in the Theater District. These factual allegations sufficiently show Barilla's serious intent to busk. *See Zimmerman*, 881 F.3d at 389. Busking is affected with a constitutional interest because both music and solicitation are constitutionally protected forms of speech. *See Ward v. Rock Against Racism*, 491 U.S. 781, 791 (1989); *United States v. Kokinda*, 497 U.S. 720, 725 (1990). Barilla has thus satisfied this prong of the injury analysis.

### B. *Arguable proscription of desired conduct by the Busking Ordinances*

We next decide whether Barilla's desired conduct is arguably proscribed by the Busking Ordinances. *See Susan B. Anthony List*, 573 U.S. at 161–64 (citing *Babbitt*, 442 U.S. at 298). Barilla's complaint asserts that he wants to busk and that he does not currently have a busking permit. The complaint further alleges that such conduct is proscribed by the Busking Ordinances, which outlaw all busking outside of the Theater District and busking without a permit within the Theater District. According to the complaint, "[p]erformers must obtain a permit regardless of whether they perform solo, or with others in a band or in a group, and regardless of how many people they intend to, or eventually do, attract." Contrary to this reading, the City implies that the Busking Ordinances might not apply to Barilla because he is a solo performer. Barilla's interpretation of the Busking Ordinances is, at minimum, a plausible reading. Section 28-6 outlaws the "playing of bands" while soliciting tips except for permitted "sidewalk performers" within the Theater District. Houston, Tex., Code of Ordinances ch. 28, art. I, § 6. Though "bands" is not defined, the ordinance arguably incorporates "sidewalk performers" into its concept of a "band." "Sidewalk performers" in § 28-6 seem to reference the Theater District permitting provisions of chapter 40. "Performers" is defined in

chapter 40 to include individual musicians. *See* Houston, Tex., Code of Ordinances ch. 40, art. XI, § 261(b).

Moreover, § 40-262 renders it unlawful for "any person who is not a permittee" to conduct "sidewalk performances" in the Theater District, thereby subjecting all solo performers to the permitting requirement. Houston, Tex., Code of Ordinances ch. 40, art. XI, § 262. (While "sidewalk performances" is not defined, its meaning likely relates to the definition of "performers." *See* Houston, Tex., Code of Ordinances ch. 40, art. XI, § 261(b).) The Busking Ordinances thus arguably proscribe Barilla's desired busking conduct.

## C. *Substantial threat of future enforcement*

Finally, we assess whether Barilla has adequately pleaded that the threat of future enforcement of the Busking Ordinances is substantial. *See Susan B. Anthony List*, 573 U.S. at 161–64 (citing *Babbitt*, 442 U.S. at 298). As established, the Busking Ordinances arguably facially restrict the expression of buskers like Barilla. *See Speech First*, 979 F.3d at 335. Because Barilla brings a pre-enforcement freedom-of-expression challenge to the Busking Ordinances, we may assume a substantial threat of future enforcement absent compelling contrary evidence, provided that the Busking Ordinances are not moribund. *See id.*; *see also Babbitt*, 442 U.S. at 302.

We have not been presented with evidence at this early stage contravening Barilla's assertions that the Busking Ordinances remain in force and that he faces a substantial threat of their enforcement. Moreover, the City did not disclaim its intent to enforce the Busking Ordinances to the district court, in its appellate briefing, or during oral argument, and instead stressed the Ordinances' legitimacy and necessity. The complaint's allegation that Barilla previously received a busking permit from the City— indicating recent enforcement of the permitting provision—bolsters his

No. 20-20535

entitlement to the substantial-threat-of-enforcement presumption. Barilla has thus adequately pleaded a justiciable injury and has standing to maintain his lawsuit at this stage.[4]

## IV.

For the foregoing reasons, we REVERSE the district court's dismissal for lack of standing and REMAND this case for further proceedings. We DISMISS Barilla's appeal of the district court's order denying his motion for reconsideration or leave to amend as moot.

---

[4] The City argues that Barilla lacks standing "to bring claims on behalf of others." Facial challenges "entail . . . a departure from the norms of adjudication in federal courts. . . . to allow a determination that the law would be unconstitutionally applied to different parties and different circumstances from those at hand." *Sabri v. United States*, 541 U.S. 600, 609–10 (2004). While generally disfavored, facial challenges are allowed in the First Amendment context. *See id.*