# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

January 31, 2023

Lyle W. Cayce
Clerk

No. 22-40625
Summary Calendar

KENNETH ALLEN PRUITT,

*Plaintiff—Appellant*,

*versus*

JOSEPH ROBINETTE BIDEN, JR., ACTING ALONE, OR IN CONCERT, IN A PURPORTED OFFICIAL CAPACITY; JOHN FORBES KERRY, ACTING ALONE, OR IN CONCERT, IN A PURPORTED OFFICIAL CAPACITY; UNITED STATES DEPARTMENT OF TREASURY, ACTING ALONE, OR IN CONCERT; UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, ACTING ALONE, OR IN CONCERT; UNITED STATES NATIONAL INSTITUTE OF ENVIRONMENTAL HEALTH SCIENCES, ACTING ALONE, OR IN CONCERT; JANET YELLEN, HEAD OF USDT; MICHAEL S. REGAN, HEAD OF EPA; RICKARD WOYCHIK, HEAD OF NEIHS,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 9:21-CV-13

Before Stewart, Duncan, and Wilson, *Circuit Judges*.

Per Curiam:*

This appeal arises from Kenneth Pruitt's suit against numerous Government entities for allegedly exceeding their constitutional authority. Because Pruitt has failed to establish standing, we AFFIRM.

## I.   Background

Pruitt filed a complaint followed by three motions in federal district court in early 2021. Each of the motions sought the same relief: the district court's enjoinment of the Government's reentry into the Paris Agreement[1] because it is a "treaty" that requires the Senate's "advice and consent." U.S. Const. art. II, § 2, cl. 2. The district court denied all three motions. To temporarily evade review of his underlying complaint, he filed an interlocutory appeal in this court. We ultimately dismissed that appeal on jurisdictional grounds. The Supreme Court subsequently denied his petition for a writ of certiorari.

After Pruitt's failed appeals, the Government filed a motion to dismiss his complaint because he failed to establish standing. The district court granted the Government's motion, reasoning that Pruitt's status as a landowner and taxpayer did not establish standing. Pruitt timely appealed. He asks that we reconsider standing and reach his arguments on the merits.

## II.   Standard of Review

We review a district court's dismissal for lack of standing de novo. *See Cornerstone Christian Schs. v. Univ. Interscholastic League*, 563 F.3d 127, 133 (5th Cir. 2009).

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The Paris Agreement is an international compact by which participating countries have agreed to combat climate change.

### III.  Discussion

Pruitt argues that the district court erred when it dismissed his appeal for lack of standing because the Government's reentry into the Paris Agreement: (1) jeopardized his mineral interests in property he owns in Nacogdoches County, Texas; and (2) increased the taxes he owes to the federal government, causing him great financial hardship. We disagree.

"To establish standing, a plaintiff must demonstrate (1) an injury in fact that is concrete and particularized and actual or imminent; (2) is fairly traceable to the defendants' actions; and (3) is likely to be redressed by a favorable decision." *Barilla v. City of Houston*, 13 F.4th 427, 430 (5th Cir. 2021) (internal quotations and citation omitted). Regarding the particularized requirement, the Supreme Court has explained "that the injury must affect the plaintiff in a personal and individual way." *Ariz. Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011). Accordingly, the Supreme Court has recognized that "a plaintiff claiming only a generally available grievance about government . . . does not state an Article III case or controversy." *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 556 (1992).

Here, Pruitt's argument that he is a taxpayer and landowner fail to establish standing. First, his taxpayer argument is unsustainable because it conflicts with Supreme Court precedent. As the *Winn* court explained, "[a]bsent special circumstances . . . standing cannot be based on a plaintiff's mere status as a taxpayer." 563 U.S. at 134. That leaves his contention that his status as a landowner establishes standing. But the injury he purports to have—damage to his mineral interests—is neither concrete nor particularized. At best, his alleged injury is a "generally available grievance" about the impact of the President's decision to reenter the Paris Agreement. *See Lujan*, 504 U.S. at 556 (denying standing based on "nonconcrete injuries" that "can be brought by anyone"). Put differently, any landowner

No. 22-40625

in the country could claim the same injury that Pruitt does here. *See id.* Because he has not demonstrated that the Government's reentry into the Paris Agreement has caused a concrete and particularized injury as to him, he has failed to establish standing.

### IV.  CONCLUSION

For the foregoing reasons, we AFFIRM the district court's dismissal of Pruitt's claim for lack of standing.