# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

April 7, 2026

Lyle W. Cayce
Clerk

No. 25-10890

_____

Eric McCutchan; Center for Inquiry, Incorporated,

*Plaintiffs—Appellants*,

*versus*

Mary Louise Nicholson, *in her capacity as Clerk of Tarrant County, Texas*; Phil Sorrells, *in his capacity as District Attorney of Tarrant County, Texas*,

*Defendants—Appellees*,

Office of the Attorney General of Texas,

*Intervenor Defendant—Appellee*.

_____

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:24-CV-1039

_____

Before Elrod, *Chief Judge*, and Higginbotham and Graves, *Circuit Judges*.

Per Curiam:[*]

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10890

Eric McCutchan and the Center for Inquiry, Inc., appeal the dismissal of their challenge to a Texas law requiring that marriage ceremonies be conducted by only a religious official or a judge. The district court determined that the plaintiffs lacked standing to pursue their claims. Because McCutchan does not allege any concrete plans to solemnize a wedding in Tarrant County and therefore fails to establish standing, we AFFIRM.

I

"The Center for Inquiry is a membership organization devoted to the pursuit of ethical alternatives to religion and the promotion of secular humanism. As part of that mission, it trains and certifies secular celebrants to perform non-religious marriage ceremonies that are consistent with the[se] ideals." *Ctr. for Inquiry, Inc. v. Warren*, 845 F. App'x 325, 326 (5th Cir. 2021).

Texas limits who can conduct a marriage ceremony to "(1) a licensed or ordained Christian minister or priest; (2) a Jewish rabbi; (3) a person who is an officer of a religious organization and who is authorized by the organization to conduct a marriage ceremony; and (4) a current, former, or retired federal judge or state judge." Tex. Fam. Code Ann. § 2.202(a). A person who "knowingly conducts a marriage ceremony without authorization under this section" commits a Class A misdemeanor. *Id.* § 2.202(c). Class A misdemeanors are "punished by: (1) a fine not to exceed $4,000; (2) confinement in jail for a term not to exceed one year; or (3) both such fine and confinement." Tex. Penal Code Ann. § 12.21.

Eric McCutchan is a secular celebrant, certified by the Center, residing in Tarrant County, Texas. McCutchan wishes to perform marriage ceremonies in accordance with his secular-celebrant training, despite the prohibition of Texas Family Code § 2.202(a).

2

No. 25-10890

Together, the Center and McCutchan, among others, sued the Dallas County Clerk, asserting that Section 2.202 was unconstitutional. *Warren*, 845 F. App'x at 326–27. In an unpublished opinion, we held that plaintiffs lacked standing because they sued only the county clerk and not the county prosecutor, without whom a favorable decision would not redress the claimed injury. *Id.* at 328–329.

McCutchan and the Center now sue Mary Louise Nicholson, the Tarrant County Clerk, and Phil Sorrells, the Tarrant County District Attorney, in their official capacities, seeking to enjoin these officials' enforcement of Section 2.202, as well as a declaration that the statute is unconstitutional. Together, plaintiffs argue that Section 2.202 violates several provisions of the Constitution—the Establishment Clause, the Equal Protection Clause, the Freedom of Speech Clause, and the Religious Tests Clause of Article VI—and the unconstitutional-conditions doctrine.

The Office of the Attorney General of Texas intervened to defend the constitutionality of Section 2.202. The district court granted the defendants' and intervenor–defendant's motions to dismiss on the basis that McCutchan and the Center lacked standing to pursue their claims.[1] McCutchan and the Center now appeal.

II

We review a district court's grant of a Rule 12(b)(1) motion to dismiss for lack of subject-matter jurisdiction *de novo*. *T.B. ex rel. Bell v. Nw. Indep. Sch. Dist.*, 980 F.3d 1047, 1050 (5th Cir. 2020). "We may determine that subject-matter jurisdiction is lacking based on (1) the complaint alone; (2) the

_____

[1] The district court also determined that the Center was not a religious organization for the purposes of Section 2.202. The parties and *amici* are divided on the issue but agree that we need not address it if the Center and McCutchan do not have standing.

complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *King v. U.S. Dep't of Veterans Affs.*, 728 F.3d 410, 413 (5th Cir. 2013) (quoting *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)). As the parties asserting jurisdiction, McCutchan and the Center "bear[] the burden of proof for a 12(b)(1) motion to dismiss." *Id.* (quoting *Ballew v. Cont'l Airlines, Inc.*, 668 F.3d 777, 781 (5th Cir. 2012)).

## III

To establish Article III standing, a plaintiff must show: "[1] that he has suffered an injury that is 'concrete, particularized, and actual or imminent'; [2] that the defendant likely caused the injury; and [3] that judicial relief would likely redress the injury." *Wang v. Paxton*, 161 F.4th 357, 359 (5th Cir. 2025) (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021)).

As the Center concedes, it has no separate basis for standing beyond McCutchan's asserted claim. *See NetChoice, L.L.C. v. Fitch*, 134 F.4th 799, 804 (5th Cir. 2025) ("An association has standing to bring claims on behalf of its members . . . [only if] its individual members would have standing to bring the suit."). Therefore, standing for both plaintiffs depends on whether McCutchan can satisfy the standing doctrine's three requirements.

## A

In pre-enforcement challenges like this one, McCutchan "need not have experienced 'an actual arrest, prosecution, or other enforcement action' to establish an injury." *Inst. for Free Speech v. Johnson*, 148 F.4th 318, 327 (5th Cir. 2025) (quoting *Susan B. Anthony List v. Driehaus*, 573 U.S. 149, 158 (2014)). Instead, he can demonstrate an injury in fact if he: "(1) has an intention to engage in a course of conduct arguably affected with a constitutional interest, (2) [his] intended future conduct is arguably

proscribed by the law in question, and (3) the threat of future enforcement of the challenged law is substantial." *Id.* (quoting *Texas v. Yellen*, 105 F.4th 755, 764–65 (5th Cir. 2024)).

A plaintiff "demonstrate[s] a 'serious intent' to engage in proscribed conduct by taking some steps toward [his] desired activity." *Barilla v. City of Houston*, 13 F.4th 427, 432 (5th Cir. 2021) (quoting *Zimmerman v. City of Austin*, 881 F.3d 378, 389 (5th Cir. 2018)). Plaintiffs can do so in several ways, including by identifying specific, concrete plans to violate the challenged law, *Inst. for Free Speech*, 148 F.4th at 327–28, or by showing past engagement in the proscribed conduct, *Barilla*, 13 F.4th at 432. But mere "'some day' intentions" are insufficient, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 564 (1992), as are "speculative" plans that "depend[] in large part on the actions" of third parties, *Zimmerman*, 881 F.3d at 390.

In *Institute for Free Speech v. Johnson*, for example, we concluded that an organization that sought to provide *pro bono* legal services to candidates for political office had demonstrated a "serious intent" to engage in conduct subject to criminal liability under the Texas Election Code because it had specifically identified "two named clients" and described "in detail, each step that it ha[d] taken" to commence a suit on their behalf. 148 F.4th at 327. The "identification of prospective clients interested in specific litigation" constituted "precisely the 'concrete plans' required" to satisfy the first element of a pre-enforcement injury in fact. *Id.* at 328 (quoting *Miss. State Democratic Party v. Barbour*, 529 F.3d 538, 546 (5th Cir. 2008)).

But in *Zimmerman v. City of Austin*, we determined that a former Austin council member had not established a "serious intention to engage in conduct proscribed by law" by merely expressing a desire to solicit funds from donors whose aggregate campaign contributions were limited by a city ordinance. 881 F.3d at 389. The expression of a general desire to solicit funds

did not "establish an intent to accept funds above the proscribed limit," so the council member had not taken any specific steps that "would demonstrate a serious intent to violate the statute." *Id.* (citing *Miss. State Democratic Party*, 529 F.3d at 546). And furthermore, the actual risk of violating the statute was "speculative" because it depended primarily on whether unidentified "third-party donors" intended to contribute more than the proscribed limits. *Id.* at 390.

B

McCutchan has failed to establish a serious intent to violate Section 2.202. Plaintiffs allege that McCutchan "wishes to conduct marriage licenses" as a secular celebrant "for those seeking a non-religious ceremony in Texas." And they allege that unspecified couples residing in Texas have requested that McCutchan or another secular celebrant conduct their weddings. But they fail to identify any concrete plans for McCutchan to conduct a marriage ceremony in Texas as a secular celebrant, much less one using a marriage license from Tarrant County.

This deficiency is fatal.[2] On its own, the expression of a generic desire to conduct marriage ceremonies in Texas fails to establish a serious intent to solemnize a marriage licensed in Tarrant County and violate Section 2.202. *See Zimmerman*, 881 F.3d at 389. McCutchan does not provide any other allegations of specific steps or concrete plans to do so. Unlike the plaintiff organization in *Institute for Free Speech*, McCutchan does not identify prospective individuals interested in his services or describe in detail the steps he has taken to conduct a licensed ceremony in Tarrant County. *See* 148 F.4th at 327–28. Nor does he allege any previous engagement in the

---

[2] This deficiency also implicates traceability and redressability, but because McCutchan fails to allege a concrete injury, we do not address them in depth.

proscribed conduct. *See Barilla*, 13 F.4th at 432; *see also Driehaus*, 573 U.S. at 161–62 (explaining that the challenger of a statute wanted to continue making the same types of statements it had made in the past). At most, McCutchan expresses "'some day' intentions," which do not confer standing. *Lujan*, 504 U.S. at 564.

McCutchan's intent to violate Section 2.202 is speculative because the actual risk of violation depends in large part on the undisclosed desires of unidentified third parties. As in *Zimmerman*, it is unclear whether McCutchan's prospective clients intend to conduct their ceremonies in a way that would violate Section 2.202. *See* 881 F.3d at 389. The record does not reflect whether McCutchan has been asked to officiate a ceremony in Tarrant County using a county license, which would implicate the statute, or whether individuals have requested that he perform out-of-state weddings, which would not. Violating Section 2.202 is therefore "far from [the] inevitable result" of plaintiffs' allegations. *Id.* at 390. Absent evidence of concrete plans to perform a licensed ceremony in Tarrant County, McCutchan fails to demonstrate a serious intention to engage in proscribed conduct. *Cf. Ctr. for Inquiry, Inc. v. Marion Cir. Ct. Clerk*, 758 F.3d 869, 871–75 (7th Cir. 2014) (reaching merits of challenge to Indiana's marriage-solemnization statute when individuals who wanted a secular celebrant to solemnize their marriage were also among the initial plaintiffs). Without that intention, he has not established an injury and lacks standing.

\* \* \*

In conclusion, the district court correctly concluded that the plaintiffs lacked pre-enforcement standing. McCutchan fails to allege a serious intention to violate Section 2.202 of the Texas Family Code. The Center's claims fail with McCutchan's.

Accordingly, we AFFIRM.